1
2
3
4
5

6          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
7               AT SEATTLE

8    DEAN P.,

9                        Plaintiff,          CASE NO. C19-1531-MAT

10         v.
                                             ORDER RE: SOCIAL SECURITY
11   ANDREW M. SAUL,                         DISABILITY APPEAL
     Commissioner of Social Security,

12                       Defendant.

13

14        Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

15   the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's

16   applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after

17   a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the

18   administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19                    **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1959.[1]   He has a high school diploma, and has worked

21   repairing and selling musical instruments, selling cars, printing catalogues, and selling wholesale

22

23        ---

          [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

     ORDER RE: SOCIAL SECURITY
     DISABILITY APPEAL
     PAGE - 1

fashion items to retailers.  (AR 262-66.)

Plaintiff applied for SSI and DIB in November 2016.  (AR 207-14.)  Those applications were denied and Plaintiff timely requested a hearing.  (AR 143-58.)

On June 21, 2018, ALJ Glenn G. Meyers held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 38-75.)  On October 18, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (AR 19-28.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on August 3, 2019 (AR 1-7), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since October 6, 2006, the alleged onset date.  (AR 21.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's lumbar degenerative disc disease, obesity, and depressive disorder.  (AR 21-22.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 22-23.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of light work, with the following additional limitations: he can perform unskilled, repetitive, routine tasks in two-hour increments. He should have no contact with the public. He can work in proximity to but not in coordination with co-workers. He can have occasional contact with supervisors. He can occasionally stoop and crouch, but cannot squat, crawl, kneel, or climb ramps, stairs, ropes, ladders, or scaffolds. He will be off-task 10% of the time, but can still meet minimum production requirements. He will be absent from work one time per month. (AR 24.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as an assembler of printed products. (AR 27.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 27-28.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding that he did not meet or equal a listing at step

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

1   three, (2) discounting his subjective symptom testimony and lay statements, (3) assessing certain

2   medical evidence and opinions, and (4) finding that he could perform his past relevant work at step

3   four.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and

4   should be affirmed.

5                                                  Step three

6   Listing 1.04A

7       The ALJ found that Plaintiff did not meet Listing 1.04A for spine disorders because the

8   record did not show any reflex or sensory loss, as required in the listing.  (AR 22.)  Listing 1.04A

9   applies to spinal disorders that result in compromise of a nerve root or the spinal cord, with

10  "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain,

11  limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle

12  weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back,

13  positive straight-leg raising test (sitting and supine)[.]"  20 C.F.R. Pt. 404, Subpt. P, App. 1, §

14  1.04A.

15      To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*

16  *v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).  "To *equal* a listed impairment, a

17  claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and

18  duration' to the characteristics of a relevant listed impairment[.]"  *Tackett v. Apfel,* 180 F.3d 1094,

19  1099 (9th Cir. 1999) (emphasis in original); 20 C.F.R. § 416.926(a).  Equivalency also requires

20  "medical findings equal in severity to *all* the criteria for the one most similar listed impairment."

21  *Sullivan*, 493 U.S. at 531 (emphasis in original).  The equivalence finding must be based on

22  medical evidence.  *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).  Plaintiff bears the burden of

23  proof at step three.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The Commissioner argues that any error in the ALJ's step-three findings are harmless because the record does not show that Plaintiff has a spinal disorder that causes compromise of the nerve root or spinal cord, which is a threshold requirement of Listing 1.04. Dkt. 15 at 9-10 (citing AR 922-23). Plaintiff contends that on the contrary, the record shows compromise of the spinal cord, but the record he cites as support (an opinion from treating physician David Christopher Belcher, M.D.) does not indicate that he has spinal cord compromise, and is therefore unavailing. Dkt. 16 at 2 (citing AR 925).

Plaintiff also cites Dr. Belcher's form opinion as evidence that he equals Listing 1.04; Dr. Belcher arguably suggests that Plaintiff equaled Listing 1.04C (AR 925-26), but did not provide any specific clinical findings to support that opinion, as requested in the form (AR 926). The ALJ discounted Dr. Belcher's opinions as internally inconsistent and unsupported by the record, particularly in light of the December 2017 MRI, which was performed after Dr. Belcher completed the form opinions and described Plaintiff's degenerative disc disease as mild. (AR 26 (referencing AR 922-23).) Dr. Belcher himself noted that Plaintiff was due for updated imaging at the time he completed his form opinions, and also indicated that Plaintiff's record at that time did not indicate either lumbar spinal stenosis or pseudoclaudication, both of which are required elements of Listing 1.04C. (AR 925.) Thus, Dr. Belcher's opinion, even if credited, would not suffice to show that Plaintiff meets or equals Listing 1.04.

Accordingly, because Plaintiff has not pointed to evidence showing that he does meet or equal Listing 1.04, he has not met his burden to show harmful error in the ALJ's finding that he does not meet or equal Listing 1.04.

Listings 12.04, 12.06 & 12.15

Plaintiff argues that the ALJ erred in assessing the "paragraph B" criteria, which are

elements of *inter alia* Listings 12.04, 12.06, and 12.15.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06, 12.15.   According to Plaintiff, the record shows that his limitations in those criteria are more than moderate, as found by the ALJ.  (AR 23.)  Plaintiff points to several of his self-reported descriptions of his problems managing himself, interacting with others, and persisting (Dkt. 12 at 14), but the ALJ discounted Plaintiff's self-reporting and Plaintiff has not shown error in that assessment, as discussed *infra*.  (AR 24-25.)

Plaintiff also contends that the ALJ inaccurately pointed to a psychological examination report as support for his finding that Plaintiff's concentration was only moderately limited, but has not shown that the ALJ's finding is inaccurate.  Dkt. 12 at 14.   The ALJ noted that an examiner found Plaintiff's concentration to be within normal limits, which is what the examiner found.  (AR 23 (citing AR 710).)

Plaintiff also argues that the ALJ erred in failing to consider his PTSD and anxiety (Dkt. 12 at 14), but the ALJ found that Plaintiff had not been diagnosed with PTSD by an acceptable medical source, and Plaintiff does not show error in that finding.  Plaintiff points to PTSD diagnoses made by counselors, but counselors are not acceptable medical sources.  *See* 20 C.F.R. §§ 404.1502, 404.1513, 416.902, 415.913.   Plaintiff also points to treatment notes mentioning anxiety, but does not point to an anxiety disorder diagnosis rendered by an acceptable medical source.  Dkt. 12 at 11.  Because Plaintiff has not shown that the ALJ erred in excluding PTSD or anxiety as medically determinable impairments at step two, he has not shown that the ALJ erred in not considering those conditions in the subsequent steps of the sequential evaluation.  *See* 20 C.F.R. §§ 404.1521, 416.921 (providing that a medically determinable impairment must be diagnosed by an acceptable medical source).

/ / /

The ALJ discounted Plaintiff's subjective testimony, citing inconsistencies between his allegations and (1) the objective medical record, which did not corroborate Plaintiff's description of disabling physical or mental limitations; and (2) his activities, such as walking to the grocery store and carrying groceries home, air travel, and working freelance. (AR 24-25.) An ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the evidence shows that he was more limited than found by the ALJ, because his only comfortable position was lying on his stomach, he needed pain mediation in order to shop or attend appointments, and he cannot reach down into a shopping cart. Dkt. 12 at 16. These contentions do not establish error in the ALJ's decision, however, because they do not pertain to the ALJ's reasoning. The ALJ cited treatment notes showing that Plaintiff's gait, station, and reflexes were normal, and found that although Plaintiff had a positive straight leg raise test on one occasion, it was negative on another. (AR 24-25.) The ALJ also cited normal findings referenced in the mental health records, as well as opinion evidence indicating that Plaintiff's limitations were at most moderate. (AR 25.) Plaintiff has not shown that the ALJ erred in finding that this objective evidence does not corroborate Plaintiff's allegations, or in discounting Plaintiff's allegations on that basis.

Plaintiff goes on to challenge the ALJ's assessment of his activities. Plaintiff contends that he only had to walk one block to the grocery store, and that he only purchased light items. Dkt. 12 at 16 (citing AR 66). The page cited by Plaintiff indicates that he had to walk 5-6 blocks to the grocery store, however, and it is not unreasonable to find that he also described an ability to carry more weight than the 10 pounds he claimed he could lift. (*See* AR 66 (Plaintiff's testimony that

he would buy milk, chicken, olive oil, lettuce, and "those types of things" at the grocery store).)

Plaintiff also argues that he had hoped to do freelance work, but this goal was only aspirational, contrary to the ALJ's finding. Dkt. 12 at 16 (referencing AR 765-66). But the ALJ cited evidence that mentions ongoing freelance work, not simply work in the future. (AR 765-66.) The ALJ did not err in finding that evidence of Plaintiff's ability to perform freelance work contradicted his allegation of an inability to work.

Plaintiff also claims that his air travel to California occurred before the alleged onset date. Dkt. 12 at 16 (referring to AR 817). The ALJ did cite a note dated a few weeks before the alleged onset date, but, as noted by the commissioner, Plaintiff also traveled to Dubai during the adjudicated period. Dkt. 15 at 13-14 (citing AR 43-44). In any event, any error in the ALJ's finding with respect to air travel is harmless in light of the other examples of inconsistent activities provided by the ALJ. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Because the ALJ provided multiple valid reasons to discount Plaintiff's allegations, the Court affirms the ALJ's assessment of Plaintiff's testimony.

<u>Lay evidence</u>

The record contains statements from Plaintiff's friends. (AR 254-61, 315-17.) The ALJ summarized those statements and found their description of Plaintiff's back pain and limitations to be inconsistent with the objective medical evidence, which showed many normal clinical findings and that his degenerative disc disease was only mild. (AR 26-27.) An ALJ's reasons to discount lay statements must be germane. *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

Plaintiff contends that the ALJ's reasoning is not germane because he cited only his own

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

interpretation of the objective medical evidence as the reason to discount the lay statements. Dkt. 12 at 17. But an ALJ properly discounts lay statements based on inconsistency with the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). Plaintiff has not shown that the ALJ erred in finding that the objective evidence conflicts with the lay statements, and thus has failed to show error in the ALJ's discounting of the lay statement.

Medical evidence

Plaintiff challenges the ALJ's assessment of certain medical opinions, and also argues that the ALJ erred in failing to address certain medical opinions. Dkt. 12 at 5-12. Plaintiff also argues that the ALJ erred in crediting the State agency opinions. Dkt. 12 at 12-13. The Court will consider each of the challenges to the ALJ's assessment of the medical evidence in turn.

Medical opinions

Plaintiff argues that the ALJ erred in discounting medical opinions written by treating providers Dr. Belcher and Dan Welch, M.D. Dr. Belcher completed form opinions in October 2017 detailing specific limitations, and wrote a letter in May 2018, indicating that Plaintiff could not perform any job full-time due to his sitting and standing limitations. (AR 919, 925-29.) The ALJ summarized Dr. Belcher's opinions and found them to be unsupported by the record, internally inconsistent, and inconsistent with MRI imaging conducted after Dr. Belcher completed the form opinions. (AR 26.)

Plaintiff argues that the ALJ's reasons for discounting Dr. Belcher's opinions are not specific and legitimate, because the ALJ did not identify the internal inconsistencies or explain why the medical record was inconsistent with Dr. Belcher's opinions. Dkt. 12 at 6. The ALJ's finding of internal inconsistencies may not be sufficiently specific, but the ALJ adequately

1  explained why the medical record was inconsistent with Dr. Belcher's opinions, when the ALJ's

2  decision is read as a whole.  The ALJ cited many normal objective findings, such as Plaintiff's

3  normal range of motion, strength, gait, and reflexes.  (AR 25 (citing AR 776, 793, 916, 932).)  The

4  ALJ also noted that the most recent MRI imaging described Plaintiff's degenerative disc disease

5  as mild.  (AR 24-25 (citing AR 922).)  The ALJ reasonably suggested that these normal or mild

6  findings were inconsistent with the limitations described by Dr. Belcher, and Plaintiff has not

7  shown that the ALJ erred in discounting Dr. Belcher's opinions on that basis.  *See Tommasetti v.*

8  *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting

9  inconsistencies between the opinion and the medical record).

10      Dr. Welch opined in May 2018 that Plaintiff's degenerative disc disease affects his ability

11  to stand, sit, and walk "to a significant degree."  (AR 915.)  The ALJ noted Dr. Welch's opinion,

12  but found that it was vague and did not identify any specific functional limitations.  (AR 26.)

13      Plaintiff argues that Dr. Welch indeed "sets out specific functional limitations in standing,

14  sitting and walking" (Dkt. 12 at 7), but does not and cannot indicate what those limitations are,

15  because Dr. Welch did not specify them.  The ALJ is tasked with determining Plaintiff's RFC,

16  which is the most he can do, and Dr. Welch's opinion lacks specificity as to the most standing,

17  sitting, or walking that Plaintiff can perform.  *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)

18  (RFC "is the most you can still do despite your limitations").  Given this lack of specificity, the

19  ALJ did not err in discounting Dr. Welch's opinion as vague.

20  "Omitted" opinions

21      Plaintiff argues that the ALJ erred in failing to discuss medical source statements from his

22  primary care provider, Bradley Harris, M.D. Dkt. 12 at 9-10.  The treatment notes from Dr. Harris

23  predate the alleged onset date, however.  *Id*.  Plaintiff has not shown that these records were

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

relevant to the adjudicated period covered by the ALJ's decision, and thus has not established error in the ALJ's failure to discuss Dr. Harris's treatment notes. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative").

Plaintiff also points to treatment notes written by nurses that document his subjective complaints of pain and contain their observations of Plaintiff. Dkt. 12 at 11 (citing AR 332-33, 355). The ALJ explained why he discounted Plaintiff's subjective reports, which applies to these self-reports as well. And to the extent that these notes also contain the providers' observations, Plaintiff has not shown that those observations were inconsistent with the ALJ's RFC assessment, such that the ALJ was required to discuss them. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (holding that an ALJ need not discuss every piece of evidence in the record, but "must explain why 'significant probative evidence has been rejected'" (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981))).

Likewise, Plaintiff argues that the ALJ erred in failing to discuss his physical therapy notes. Dkt. 12 at 12 (citing AR 889-912). These physical therapy notes do not contain any opinions regarding functional limitations, and Plaintiff does not explain how the ALJ's RFC assessment is inconsistent with the notes. Because Plaintiff has failed to show that the physical therapy notes are significant, probative evidence, he has not shown that the ALJ erred in failing to explicitly discuss them. *See Howard*, 341 F.3d at 1012; *Vincent*, 739 F.2d at 1394-95.

State agency opinions

Plaintiff argues that the ALJ erred in giving more weight to a State agency opinion than to the opinions of Plaintiff's treating providers. Dkt. 12 at 12-13. Plaintiff neglects to address the ALJ's finding that the State agency opinion was inconsistent with more recent treatment notes

showing chronic low back complaints, and thus the ALJ found Plaintiff to be more limited than the State agency found him to be. (AR 25.) Plaintiff has not shown that the ALJ erred in assessing the State agency opinions in light of the entire record, and the Court will not reweigh the opinions in the manner suggested by Plaintiff, as that task is within the ALJ's purview. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

### Step four

Plaintiff argues that he ALJ erred in finding at step four that he could perform his past work as a printed products assembler. (*See* AR 27.) According to Plaintiff, this job should not have been considered past relevant work because this work was performed for only 4-6 months, more than fifteen years years before the date of the ALJ's decision, and he received extensive accommodations for his limitations. Dkt. 12 at 15.

At step four, Plaintiff bears the burden of showing she does not have the capacity to engage in past relevant work. Past relevant work is work (1) performed within the past fifteen years, (2) constituting substantial gainful activity, and (3) lasting long enough for the individual to have learned how to perform the work. *See* 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a), 416.960(b)(1), 416.965(a).

Plaintiff's challenges are not persuasive. Plaintiff reported that he worked as a printer assistant in 2004, which is within 15 years of the ALJ's decision, dated October 18, 2018. (AR 235, 262.) He described this work as lasting a few months (AR 235, 262, 324-26), which is long enough to have learned a job with Specific Vocational Preparation 2. (*See* AR 77; 20 C.F.R. §§404.1568(a), 416.968(a); Dictionary of Occupational Titles (DOT), Appendix C.)

To the extent that Plaintiff described job accommodations in a letter written after the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12

administrative hearing (AR 324), the ALJ did not explicitly reference this letter but did explain in his written decision that Plaintiff provided inconsistent statements about his job performance and that the ALJ gave more weight to the written description of Plaintiff's job in the work history reports (AR 239, 262, 265), as they were completed closer in time to when the work was performed. (AR 27.) This is a reasonable interpretation of the record.

Plaintiff also contends that the ALJ erred in failing to reconcile the discrepancy between his finding that Plaintiff could work in two-hour increments with the job description of a printed products assembler. Dkt. 12 at 15-16. There is no discrepancy, however: the job description does not require working in longer increments, and the VE testified that a hypothetical claimant that could work in two-hour increments could perform the job. *See* DOT 794.687-010, 1991 WL 681316 (Jan. 1, 2016); AR 77-78. Thus, Plaintiff has not shown the existence of a discrepancy that required resolution or explanation by the ALJ.

For all of these reasons, Plaintiff has not met his burden to show error in the ALJ's step-four findings.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 2nd day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13